382

**Samuel F. McIntosh,**
**Trustee**
vs.                                    No. 42838
**United Wire & Supply**
**Company**

DECISION

June 30, 1919

DORAN, J. Plaintiff McIntosh contracted to build a factory for defendant. After the work was somewhat advanced, he assigned the contract, or the right to collect, to the Southbridge National Bank to secure loans. McIntosh became indebted to defendant in matters extraneous to the contract in suit. These debts were pleaded in set-off as against McIntosh. The set-off is not valid against the bank but is valid against any surplus coming to McIntosh over the claim of the bank. There was an untried lien suit against the building brought by a sub-contractor under McIntosh. As the liener was not a party here the jury were told to deduct from the unpaid contract price the amount claimed in the lien suit, namely: $2,886.44.

The contract included supplying a heating system. McIntosh brought to the ground probably all the material for the system but it was not set up. After some time defendant refused to admit installation of this system and finally had a system put in by another contractor. Defendant held the heating apparatus provided by McIntosh for a time but he finally got it back to the dealer and got credit from the dealer for 90% of its charged price of $2,300. The jury were told, among other things about the heater, that if its rejection by defendant was unjustified they should allow plaintiff the lost 10% and expense of return, etc., but as the heater was part of the consideration for the contract price, that price must be reduced. Proof showed that the 10% of cost and freight and cartage to return the heater came to $430. Deducting this from $2300, cost of heater, leaves $1870. the least amount that should be charged

off from contract price for heater. In addition to this, McIntosh avoided the labor cost of setting up the apparatus, which he said would be $300.

There was no contradiction to the statement that the bank's claim against McIntosh for loans and interest was $7773.83.

383

The assignment to the bank provided that the bank should have the right to take and retain the expense of collection and the jury were told that as between the bank and McIntosh they could add to the $7773.83 an attorney's fee if they found that the evidence enabled them to fix one and that the bank was justified in sueing.

Defendant set up very many claims against plaintiff for work alleged to be unperformed or badly done.

The jury came in twice to report a verdict. The first time they said that the amount earned and not paid was $7640.14, included in which as interest was $533. That said amount earned and unpaid exceeded the claim of the bank. That such excess was $1866.35. As the bank's claim was at least $7773.83, it was plain that there was something wrong with the answers and the foreman was asked what $1866.35 represented and the reply was that it was the fee of the attorney for the bank and of the attorney for Mr. McIntosh. After a restatement of the issues, the jury retired. On the second coming in they reported the earned and unpaid balance of contract price, &c., (with interest) to be $8040.06. That this exceeded the bank's claim and that the excess was $166.23. These figures indicate that they allowed to the bank $100 for attorney fee or other expense.

Recur to the jury's first report.

Due on contract plus interest    $7640.14
Deduct interest                      533.00
                                  ─────────
                                   $7107.14

$533 is interest on $7107.14 for 1¼ year. The verdict was given May 16th, 1919. If they computed cor-

rectly, they allowed interest from February 16, 1918. Applying the same time to $8040.06 named in the second report, that amount is composed of

Principal (due on contract &c.) $7479.12
Interest     560.93

The extremest claim made by plaintiff as balance due was
    $9700.99
Deduct above balance     7479.12

Jury reduced plaintiff's claim
by     $2221.87
They did not deduct $2886.44 for lien.
Heater allowance $1870, plus
$300 for unexpended labor
is     2170.00

Jury's total allowance exceeds
heater's by     $51.87

384

Defendant claimed that plaintiff admitted that four items for freight, painting, fixing doors and additional on paving, all amounting to $239.30 should be deducted.

I find the testimony supports this claim except as to doors, $30. There should be deducted from contract price on account of said items    $209.30
Add amount of lien     2886.44

    $3095.74
Deduct excess of jury's allowance
for heater     51.87

    $3043.87
Allowed by jury as balance due
on contract &c.,     $7479.12
Deduct amount last above   3043.87

    4435.25
Add interest February 16, 1918
to May 16, 1919     332.64

    $4767.89
Unless plaintiff remits all claim to damage in excess of $4767.89 within fifteen days of notice of this decision, a new trial is granted.

One side wishes that judgment be

383, 384

entered on the verdict of the jury who heard the case. The other side wants a new trial on all the aspects of the case and urges that it is impossible for the Court to determine what the jury did allow. They did not deduct the amount of the lien. They were told that they must make some deduction on account of the heater. The Supreme Court has said that in the absence of evidence to the contrary there is a presumption that juries follow instructions. Sec. 12 of Chap. 298, Gen. Laws is mandatory in form. In Gibbons v. R. I. Co., 27 R. I. 89, 96, the Supreme Court said: "A proper construction of the statute * * requires that before the verdict shall be set aside by our order we must determine the amount of illegal excess and give the plaintiff an opportunity to remit."

Defendant justly criticises the form of the verdict. The jury's verbal report was correct in form: that the earned and unpaid balance for plaintiff's work was $8040.06. Judgment for plaintiff for this amount is improper because $166.23 of it is absorbed by the set-off. The findings give sufficient data to avoid error, but to meet any eventuality it is now ordered that if said verdict remains unamended and if judgment is entered on it, the judgment shall be for $7873.83 and not for $8040.06.

For plaintiff: Edwards & Angell and C. C. Remington.

For defendant: Frederick A. Jones.